IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:16-cv-705

| | |
|---|---|
| **JACKIE BLUE,** : | |
|     **Plaintiff,** : | |
| : | |
| **v.** : | |
| : | **COMPLAINT** |
| **WESTIN STATION, LLC and** : | (Injunctive Relief Demanded) |
| **JIANG GARDEN, INC. and** : | |
| **SEEFELDT, INC.** : | |
| : | |
|     **Defendants.** : | |

Plaintiff, JACKIE BLUE, on her behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, WESTIN STATION, LLC, JIANG GARDEN, INC. and SEEFELDT,INC. , (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Defendants' properties, Westin Centre 9535 Cliffdale Road, Fayetteville, NC 28304, Yang Garden, 9561 Cliffdale Road, Fayetteville, NC 28304, and Subway #17518, 9541 Cliffdale Road, Fayetteville, NC 28304 are located in the County of Cumberland. (Collectively, the "Property"). All of the above properties are located within the same shopping center complex.

2. Venue is properly located in the EASTERN DISTRICT OF NORTH CAROLINA because venue lies in the judicial district of the property situs. The Property is located in and does business within this judicial district.

3. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

4. Plaintiff is a North Carolina resident, is sui juris, suffers from multiple sclerosis and qualifies as an individual with disabilities as defined by the ADA. Due to her disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility. Plaintiff has visited the Property and plans to return to avail herself of the goods and services offered to the public at the Property, and to determine whether the Property has been made ADA compliant. The Plaintiff suffered particularized and individualized harm, which affected her in a personal and individual way, caused by architectural barriers at the Property.

5. Plaintiff is a resident of Fayetteville, North Carolina and has been for many years. Ms. Blue lives 14 miles from the Property. Ms. Blue has visited the Property approximately two (2) times recently. Ms. Blue visited the Property on Cliffdale Drive in March of 2016. Ms. Blue visits the Property periodically when she is in the vicinity. Ms. Blue is in the vicinity of the Property more than once per month as she goes about her daily life. Ms. Blue's daughter used to live near the Property, and Ms. Blue's friends live in Cliffdale West, which is approximately one mile from the Property. Based on Plaintiff Blue's affinity for the products

and services available at the Property, she intends to continue her pattern and practice of patronizing the Property. Ms. Blue visits the Property to purchase food from the Yang Garden and Subway restaurants. Ms. Blue also visits the Property to shop at the Food Lion grocery store and the CVS drug store.

7. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as Westin Centre, 9535 Cliffdale Drive, Fayetteville, NC 28304, Jiang Garden, Inc, (T/A Yang Garden) 9561 Cliffdale Road, Fayetteville, NC 28308 and Seefeldt, Inc. (T/A Subway #17518) 9541 Cliffdale Road, Fayetteville, NC 28304.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants. JACKIE BLUE desires to visit Defendants' place of public accommodation not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendants have discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). Plaintiff's visit(s) to the Property have revealed that violations exist. These violations include, but are not limited to:

**<u>WESTIN CENTRE</u>**

**Parking**

1. The plaintiff had difficulty exiting the vehicle, as an access aisle of the required width is not provided. Violation: There are accessible parking spaces that do not have compliant access aisles provided, violating Sections 4.1.2(5a) and 4.6.3 of the ADAAG and Section 502.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces were located on an excessive slope. Violation: Some of the accessible parking spaces are located on a slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The required number of van accessible parking spaces is not provided in violation of Section 4.1.2(5b) and 4.6.1 of the ADAAG and Section 208.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The plaintiff had difficulty accessing the facility, as the designated accessible parking spaces are not located on the shortest accessible route to the facility. Violation: Some of the accessible parking spaces are not located closest to the accessible path of travel to the facility, violating Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**Entrance Access and Path of Travel**

1. The plaintiff had difficulty using some of the curb ramps, as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**<u>SUBWAY RESTAURANT</u>**

**Access to Goods and Services**

1. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADA Standards.

2. The plaintiff could not reach the self-service items as they were mounted too high. Violation: There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Sections 4.2 and 4.27.3 of the ADAAG and Sections 308 and 904.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**Public Restrooms**

1. There are permanently designated interior spaces without proper signage in violation of Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The plaintiff could not enter the restroom area without assistance, as the required maneuvering clearance was not provided due to the location of child booster seats. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Sections 36.211 and 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The plaintiff could not enter the restroom without assistance, as the required maneuvering clearance was not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The plaintiff could not flush the toilet without assistance, as the flush valve was not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

5. The plaintiff could not transfer to the toilet without assistance, as the grab bars were not the required length. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5 of the 2010 ADA Standards, whose resolution is readily achievable.

6. The plaintiff had difficulty using the toilet without assistance, as it was not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall in violation of Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

7. The plaintiff could not use the toilet paper dispenser without assistance, as it was not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

8. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

9. The plaintiff could not use the soap dispenser without assistance as it was mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Section 308.2 of the 2010 ADA Standards, whose resolution is readily achievable.

## YANG GARDEN RESTAURANT

**Access to Goods and Services**

1. The plaintiff could not use the sales counter as it was mounted too high. Violation: There are counters at the facility in excess of 36" high, violating Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**Public Restrooms**

**Women's restrooms**

2. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The plaintiff could not transfer to the toilet without assistance, as the rear grab bar was not the required length and the side grab bar did not extend the required length from the rear wall. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and

Figure 29 of the ADAAG and Section 604.5 of the 2010 ADA Standards, whose resolution is readily achievable.

     5. The plaintiff had difficulty using the toilet without assistance as the seat was mounted too low from the floor. Violation: The water closet seats are mounted at a non-compliant height from the floor in violation of Section 4.16.3 of the ADAAG and Section 604.4 of the 2010 ADA Standards, whose resolution is readily achievable.

     6. The plaintiff could not use the soap bottle without assistance, as it required a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

11.    The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12.    Defendants have discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. §

12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter Cedarwood Shopping Centre to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

   a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

   b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise

treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted, this the 27th day of July, 2016.

                              */s/ Christopher D. Lane*
                              Christopher D. Lane
                              NC State Bar No.: 20302
                              Attorney for Plaintiff
                              3802-A Clemmons Rd.
                              Clemmons, NC 27012
                              Telephone: 336-766-0229

# VERIFICATION OF COMPLAINT

Re: JACKIE BLUE v. Cedarwood Shopping Centre, 1040 Lillington Highway, Spring Lake, NC 28390

Property: Westin Centre 9535 Cliffdale Road, Fayetteville, NC 28304, Jiang Garden, Inc., 9561 Cliffdale Road, Fayetteville, NC 28304 and Seefeldt, Inc. 7604 Alameda Drive, Fayetteville, NC 28304

I hereby swear and affirm, under penalty of perjury, that I visited the property referenced above. I personally encountered barriers to access which discriminated against me by making access more difficult or impossible for me. I requested that a lawsuit be filed on my behalf to bring the property into compliance. I personally reviewed the Complaint and affirm that it truly and accurately describes my disability, visit to the property, and the barriers that are present at the facility. I authorize this action.

Pursuant to 28 U.S.C. Section 1746, I declare, certify, verify, and state, under penalty of perjury that the foregoing is true and correct.

_Jackie Blue_      7/25/16
JACKIE BLUE          Date